WIEBUSCH & HILGER, Limited, *v.* SALTONSTALL, Collector.

*(Circuit Court, D. Massachusetts. January, 1891.)*

CUSTOMS DUTIES—IRON AND STEEL FORGINGS.

Scythes, grass hooks, and carpenters' pincers, made substantially by the process of forging, are dutiable, under the provision of Schedule C, (22 U. S. St. p. 498,) for "forgings of iron and steel, or forged iron, of whatever shape, or in whatever stage of manufacture, not specially enumerated or provided for," and not under the clause (page 501) providing the duty for "manufactures, articles, or wares not specially enumerated or provided for in this act, composed wholly or in part of iron, steel, * * * or any other metal, and whether partly or wholly manufactured."

At Law. Action to recover back duties.

The plaintiff in March, 1889, imported from Antwerp into the port of Boston, certain pincers, scythes, and grass hooks, which were classified for duty under the last clause of Schedule C of the tariff act of March 3, 1883, (22 U. S. St. 501,) which provides for "manufactures, articles, or wares not specially enumerated or provided for in this act, composed wholly or in part of iron, steel, * * * or any other metal, and whether partly or wholly manufactured, forty-five per centum *ad valorem.*" And the duty in accordance with this provision of 45 per cent. *ad valorem* was exacted of the plaintiff by the defendant as collector of customs at the port of Boston. Against this classification and exaction the plaintiff protested, and in due time brought suit, contending that these articles were dutiable at 2½ cents a pound, instead of 45 per cent. *ad valorem,* under the provision of Schedule C, (22 U. S. St. p. 498,) for "forgings of iron and steel, or forged iron, of whatever shape or in whatever stage of manufacture, not specially enumerated or provided for in this act, two and one-half cents per pound."

*Francis L. Stetson, Charles P. Searle,* and *Comstock & Brown,* for plaintiff.

*Frank D. Allen,* U. S. Dist. Atty., for defendant.

NELSON, J. The question is one of some little perplexity, but the court is obliged to give a ruling upon it, for the present at least, and I am unable, looking at the language of these two clauses in this act, to come to any other conclusion than that the articles here, the scythe and grass hook and carpenters' pincers, must be forgings within the meaning of the specific clause of the statute. They are certainly made by the process of forging substantially, almost completely. It is true there is some slight addition to be made for actual use, like grinding, and sometimes polishing, but still the articles are made by the process of forging out of iron and steel, and come within, it seems to me, the pre-

cise language of this special clause. In one sense they are certainly articles which are manufactured,—articles which may be classed as wares,—but still they are forgings of iron and steel; and it seems to me, therefore, that I should rule, for the purposes of this case, that the plaintiff's contention is right, and that the articles were dutiable only at the rate of 2½ cents a pound, instead of 45 per cent. *ad valorem*, under the omnibus clause.

I will rule that the language of the special clause is broad enough to cover any article that is made with substantial completeness by the process of forging. There does not seem to be anything here designated by the term "forging" in commerce as distinct from the special purpose for which the forging is to be used. like shafting, or some article of that kind. The evidence here is not sufficient to show that the articles may have other designations; and, besides, in this case scythes and pincers and grass-hooks may be "forgings," within the meaning of the special clause, although they may have the other designations.

The jury were then directed to bring in a verdict for the plaintiff for $104.35, with interest and costs.